UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANAS JONATHAN JONES,<br>Petitioner,<br>v.<br>CHRISTOPHER LaROSE,<br>Respondent. | Case No.: 26-cv-4000-RSH-GC<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On July 10, 2026, petitioner Adrianas Jonathan Jones, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. For the reasons set forth below, the Court denies the Petition.

## I. BACKGROUND

Petitioner, a native and citizen of Trinidad and Tobago, was detained on March 29, 2026, in Florida following his second arrest for driving under the influence. ECF No. 7 (Gov't's Return), at 1; ECF No. 7-5 (Immigration Judge's ("IJ") June 1, 2026 Order Denying Bond), at 1. Petitioner had previously been detained and released on his own recognizance following his first arrest for driving under the influence. ECF No. 7, at 1. In denying bond, the IJ noted the Petitioner's first DUI arrest and concluded that the second arrest for the same offense established that Petitioner is a "[d]anger to [the] community."

ECF No. 7-5, at 1. Petitioner did not appeal the IJ's denial of bond to the BIA. *See* ECF No. 1, at 6; ECF No. 7, at 1. After he filed the instant Petition, an IJ denied Petitioner's application for adjustment of status and ordered him removed to Trinidad and Tobago. *See* ECF No. 3 (Pet'r's Notice of Updated Circumstances and Change in Custody), at 1; ECF No. 7, at 1–2. Petitioner's appeal of that decision is currently pending before the BIA.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture,

irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond without first appealing that denial to the BIA. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [The petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision. . . . When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused.").

Consistent with *Leonardo*, the Court declines to consider this challenge before the BIA has had an opportunity to address it. To the extent that Petitioner chose not to appeal the adverse bond determination to the BIA, the Court declines act as a parallel appellate administrative tribunal in addressing the merits of the claimed errors here, where doing so would effectively encourage the deliberate bypass of the administrative review process—a process that is designed to allow the agency to correct its own errors. The Court declines to waive the prudential exhaustion requirement.

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED.** The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: September 10, 2026

Robert S Huie

Hon. Robert S. Huie
United States District Judge